S94A0742. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 93-154.

(440 SE2d 169)

PER CURIAM.

Following receipt of a handwritten complaint alleging judicial misconduct by Respondent, Judge Larry E. Cannon, Probate Judge of Rabun County, the Judicial Qualifications Commission notified Respondent that it would conduct an investigation. In response, Judge Cannon denied the allegations of wrongdoing. As a result of its investigation, the Judicial Qualifications Commission served Respondent with a Notice of Formal Proceedings which, as subsequently amended, alleged that Respondent failed to process or dispose of citations filed by named Rangers of the Georgia Game and Fish Division of the Department of Natural Resources (DNR); stated to persons attempting to discuss the failure to process the citations that there were too many laws dealing with fish and game violations, that he did not agree with those laws, that he could not stand a named law enforcement officer of DNR, and that he was not accountable to anyone; dismissed citations without hearing evidence; and stated that he would not accept cases initiated by a particular DNR Ranger. Following the taking of depositions and a hearing, the Judicial Qualifications Commission found as fact that Respondent failed, in each of the ways alleged in the amended Notice of Formal Proceedings, to operate the Probate Court and perform his judicial duties in the manner prescribed by law with respect to citations filed by DNR Rangers; that Respondent allowed his personal feelings, specifically his intense dislike for a named Ranger, to improperly control his actions as a judge; and that Respondent failed to openly and forthrightly address the

charges filed by the Commission, seeking to justify his actions by relying upon a contention patently untenable in law or fact. Based on those findings, the Commission concluded that Respondent's conduct was wilful, deliberate and intentional; that he attempted to use the power of his office to intimidate officials of another State agency; that his conduct constituted a blatant disregard of laws he is sworn to uphold, and adversely affected the orderly administration of his office and the rights and interests of the public; that his conduct is prejudicial to the administration of justice and brings the judicial office into disrepute; and that his conduct constituted violations of Canons 1, 2, and 3 of the Code of Judicial Conduct.

The Commission noted that Respondent's conduct warranted a recommendation of removal from office, but concluded that such a recommendation would be too harsh under the circumstances of the case. It recommended, therefore, that Respondent be publicly reprimanded by a member of this court; that he be suspended without pay for 90 consecutive calendar days, during which period he would be ordered to remain physically absent from his chambers; and that he be ordered to recuse himself permanently in all pending and future cases involving any official of the Game and Fish Division of DNR or any alleged violation of Game and Fish laws of this State.

Our review of the record yields ample support for the findings and conclusions reached by the Commission and they are, accordingly, adopted. The recommendation that Respondent permanently recuse himself from all Game and Fish law cases is rejected. Such cases are within the jurisdiction of the probate court, and so long as Respondent holds the office of probate judge, it is appropriate that he exercise the full range of that court's jurisdiction. Questions of recusal must be considered on a case-by-case basis, applying the pertinent laws of this State. The recommendation that Respondent be reprimanded is approved but modified so that the reprimand be delivered in open court by the Chief Judge of the Mountain Judicial Circuit during the period of suspension imposed hereinafter. The recommendation of suspension without pay for 90 days is approved, and it is hereby ordered that Respondent be suspended without pay for 90 consecutive calendar days beginning March 15, 1994, and that he remain physically absent from his chambers during that period.

*All the Justices concur.*

DECIDED FEBRUARY 28, 1994.

*Earle B. May, Jr., George W. Hart,* for Judicial Qualifications Commission.

*N. William Pettys, Jr., N. Ray Patterson,* for Cannon.